IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| BRIGHTSKY LLC dba SIMPLIFI,<br>a Florida Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PLOVER BAY TECHNOLOGIES LTD.,<br>PEPLINK INTERNATIONAL LTD., and<br>JV CONNECTIVITY INC.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 9:25-cv-80704

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BrightSky LLC dba Simplifi files this Complaint for patent infringement and demand for jury trial against Defendants Plover Bay Technologies Ltd., Peplink International Ltd. and JV Connectivity Inc. and alleges as follows:

## NATURE OF THE ACTION

1.　　This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283-285.

## THE PARTIES

2.　　Plaintiff BrightSky LLC dba Simplifi ("Simplifi") is a Florida Limited Liability Corporation, with its principal place of business at 1004 Collier Center Way, Suite 200, Naples, Florida 34110.

1

3.      Simplifi employs approximately 30 people and has done so since 2019. Those employees have been involved in product development, operations, sales and support, among other tasks.

4.      Simplifi is an enterprise-grade networking and communications innovator. One of Simplifi's key innovations involved a replacement for solutions formerly utilizing landline technology. Simplifi's products are targeted for businesses such as emergency services and health care providers by offering their Voicelink + Connect digital technology replacing analog technology. Simplifi's technology utilizes the soon-to-be obsolete Plain Old Telephone Service (POTS) landlines ("POTS lines") and converts the signal using Voice-over-LTE (VoLTE) technology which operates on modern cellular networks. This shift eliminates the need for outdated and maintenance-intensive landlines. The digital nature of VoLTE allows for features such as simultaneous voice and data transmission. Simplifi's patent represents some of Simplifi's innovative developments in this field.

5.      On information and belief, Defendant Plover Bay Technologies Ltd. ("Plover Bay") is a corporation incorporated in the Cayman Islands, with its principal place of business in Hong Kong.

6.      On information and belief, Defendant Peplink International Ltd. ("Peplink") is a corporation organized and existing under the laws of Hong Kong, with a place of business at 800 W El Camino Real, Mountain View, California 94040. On further information and belief, Defendant Peplink is a wholly owned subsidiary of Plover Bay.

7.      On information and belief, Defendant JV Connectivity Inc. ("JV Connectivity"), is a corporation, organized under the laws of the State of Florida, and having a principal place of business at 21218 St. Andrews Blvd, #203, Boca Raton, Florida 33433.

8.      On information and belief, JV Connectivity is a distributor and/or reseller of infringing products manufactured by Plover Bay and Peplink.

## JURISDICTION AND VENUE

9.      This is a complaint including causes of action for patent infringement arising under 35 U.S.C. § 271, *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over patent actions).

10.     This Court has general personal jurisdiction over Defendants at least because Defendants, on information and belief, have committed acts of patent infringement in the State of Florida and this District, and Defendants regularly conduct business, solicit business, and/or derive substantial revenue from products and/or services provided within this State, including products that infringe Simplifi's patented technology.

11.     The Court has personal jurisdiction over Defendants because, on information and belief, Defendants are present within or have minimum contacts within the District; Defendants have purposefully availed themselves of the privileges of conducting business in the District; Defendants have sought protection and benefit from the laws of the State of Florida; Defendants regularly conduct business within the State of Florida and the District; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Florida and the District.

12.     More specifically, on information and belief, Defendants, directly and/or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and services in the United States, the State of Florida, and the Southern District of Florida, including but not limited to the Accused POTS Products as detailed below.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) as to JV Connectivity because it is, upon information and belief, a Florida corporation and has a principal place of business in this District where it has committed acts of infringement.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) as to Peplink and Plover Bay at least because they are foreign corporations.

### THE PATENT-IN-SUIT

15.     U.S. Patent No. 11,974,173 (hereinafter "the '173 patent" or "patent-in-suit"), titled "Wired Telephone to VoLTE [Voice over LTE] Adapter," was duly and legally issued by the United States Patent and Trademark Office on April 30, 2024. Simplifi is the owner of the '173 patent, with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements. A copy of the '173 patent is attached as Exhibit 1.

### SIMPLIFI'S PIONEERING TECHNOLOGY

16.     The patent-in-suit represents pioneering work by the named inventors. Simplifi developed innovative enterprise-grade POTS replacement solutions that simultaneously leverage the Voice and Data networks. POTS refers to the traditional analog telephone system that has been in use for over a century. These lines use copper wires to transmit voice signals and have long been the standard for voice communications. VoLTE technology operates on modern cellular networks. This shift eliminates the need for outdated and maintenance-intensive landlines. The digital nature of VoLTE allows for features such as simultaneous voice and data transmission.

17.     This innovation was important as public utility telephone operating companies are phasing out traditional POTS lines, thereby leaving the existing installed infrastructure without an ability to perform communications outside of the facility. This need was answered by the work of

the inventors herein, including Simplifi's founders, and resulted in the issuance of the patent-in-suit.

18.     The patented systems and methods provide an interface between exiting POTS infrastructures and LTE based telecommunications networks to allow existing facilities to use their internal POTS infrastructure despite changes in the way voice and data are transmitted.

19.     A key partner to Simplifi has been the cellular telephone carrier AT&T. Simplifi works in collaboration with such cellular carriers to convert the existing soon-to-be obsolete POTS lines to a digital network.

20.     Simplifi's product Connect + Voicelink was launched in partnership with AT&T and has been a major success. AT&T's promotional materials tout Simplifi's technology. For example, AT&T states: "Go anywhere with the smartest analog to cellular POTS line replacement solution, powered by Simplifi Cloud remote management portal." Ex. 2 at 5. As another example, AT&T states: "Made for businesses of all shapes and sizes, Simplifi Cloud makes supporting your new and existing analog devices simple!" *Id*. The relationship between Simplifi and AT&T has been critical to Simplifi's success to date.

**COUNT ONE**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,974,173**

21.     Simplifi incorporates by reference the allegations in paragraphs 1- 20 as if fully set forth herein.

22.     On information and belief, Defendants have infringed and are infringing at least claim 1 of the '173 patent at least by making, using, selling, importing and/or offering to sell the Peplink POTS Adaptor. For example, Peplink's website features the below POTS Adapter, which can be purchased at an 'Etailer' or "Reseller" (such as Defendant JV Connectivity).



*See* Ex.6 at 1; *see also* Ex. 7 at 2.

23.     On information and belief, when the commercial success of Simplifi's patented invention was made known to Defendants Plover Bay and Peplink, they quickly copied the technology, introducing a foreign-manufactured version of Simplifi's patented product at a lower price.

24.     Defendants Peplink and Plover Bay have also sought to undermine Simplifi's critical relationships with key distributors by coercing, influencing and/or encouraging them to not carry Simplifi's product. On information and belief, Defendants Peplink and Plover Bay have sought to enforce anti-competitive distribution agreements that ostensibly prevent distributors from carrying or offering products which compete directly with one or more of Defendants' Accused POTS Product.

25.     The Accused POTS Product meets all the limitations of at least claim 1 of the '173 patent. Claim 1 of the '173 patent recites:

> 1. A radio communications device supporting 4G/5G Long Term Evolution (LTE) cellular communications, the radio communications device comprising:
>
> a data interface configured to exchange modem control commands and audio data with an LTE cellular modem;
>
> a telephone interface configured to provide a two-wire analog telephone interface for connection to a telephone device; and
>
> a controller configured to:

exchange control signals via the telephone interface to manage voice call operations with the telephone device;

exchange analog voice channel signals corresponding to digitally modulated voice channel signals exchanged with the telephone device via the telephone interface;

convert signals between the analog voice channel signals and a Pulse Code Modulation (PCM) voice channel data stream;

exchange control information with the LTE cellular modem via the data interface to establish and manage an LTE cellular session; and

exchange the Pulse Code Modulation (PCM) voice channel data stream via the LTE cellular session via the LTE cellular modem.

Ex. 1, claim 1.

26.     The Accused POTS Product is a "radio communications device supporting 4G/5G Long Term Evolution (LTE) cellular communications." According to the Peplink POTS Adapter datasheet (the "Datasheet") attached as Exhibit 3, the Accused POTS Product enables connection of a POTS line to an LTE cellular connection.



Ex. 3 at 3.

27.    The Accused POTS Product includes "a data interface configured to exchange modem control commands and audio data with an LTE cellular modem." As shown on the Datasheet, the Accused POTS Product is configured to provide an interface between a POTS line and an LTE cellular modem. That interface handles both modem control commands and audio (e.g., voice) data.

**Specifications**

| | | | |
|---|---|---|---|
| WAN Interface | 1x LTE Embedded Cellular Modem | Communication Protocols | Contact ID<br>Pulse 4/2 |
| Configuration Interface | USB-C Port | | Voice: G.711, G.729, AMR, AMR-WB<br>Fax: ITU-T.30, V.17, V.29, V.27ter, V.21 |
| POTS line | Up to 3 REN Line Load<br>55 V$_{rms}$ Ring Voltage<br>500ft Loop Length Support | Power Consumption | 1.7W (nominal), 3.5W (max.) |
| | | Dimension | 5.0 x 4.2 x 1.4 inches / 124 x 107 x 35 mm |
| Antenna Connectors | 2x SMA Cellular Antenna Connectors | Weight | 0.70 pound / 0.32kg |
| Power Input | Power Port: 9-16V DC<br>USB-C Port: 5V DC | Operating Temperature | -22° – 149°F / -30° – 65°C |
| | | Humidity | 15% – 90% (non-condensing) |
| Backup power by UPS [1] | 3000 mAh UPS will ensure:<br>- 24 Hours Standby Usage<br>- 4 Hours Under Line Usage | Certifications | FCC, RoHS, UL |
| Voice Features | Audio notifications<br>Call Forwarding (CFU/CFB/CFNRy/CFNRc)<br>Call Hold<br>Call Waiting<br>3-Way Conference<br>CLIR per Call<br>Speed Dial 8/30<br>Call Return<br>Call Blocking<br>Do Not Disturb<br>Caller ID<br>VMWI<br>DTME | Package Content for<br>POTS-ADP-LTE-US-T-PRM | 1x POTS Adapter<br>2x LTE Antennas<br>1x 12V 2A 4-Pin Power Supply (ACW-632) |
| | | Package Content for<br>POTS-ADP-LTE-US-DC-T-PRM | 1x POTS Adapter<br>2x LTE Antennas<br>1x 10ft DC Power Cable (ACW-634) |
| | | SIM Option [2] | 1x Nano-SIM (4FF) |
| | | Warranty | 1-Year Limited Warranty |

*Id.* at 4.

28.    The Accused POTS Product includes "a telephone interface configured to provide a two-wire analog telephone interface for connection to a telephone device." As shown on the Datasheet, the Accused POTS Product is configured to provide an interface between a POTS line and an LTE cellular modem. That interface includes an RJ11 jack to provide a connection to an analog phone device with an RJ11-compliant two-wire plug.



*Id.*

29.     The Accused POTS Product includes "a controller configured to: exchange control signals via the telephone interface to manage voice call operations with the telephone device." As explained in the Peplink POTS Adapter User Manual (hereinafter "User Manual," attached as Exhibit 4), the Accused POTS Product is configured to support a phone call made from a connected traditional POTS phone. This requires exchanging control signals to and from and managing the voice call operations of the connected POTS phone.

**Step 4: Establish a Phone Line Connection**

- To connect your "dialer" equipment to the POTS Adapter, you will need a cable with an RJ11 connector at one end and another connector that is compatible with the "dialer" equipment at the other end.
- Plug the RJ11 connector into the "phone" port on the POTS Adapter. This will enable the "dialer" equipment to communicate through the phone line service over VoLTE.

^ A "dialer" equipment refers to all standard POTS equipment which includes but is not limited to fire alarm control panels(FACP), security system alarm panels, elevator emergency phones, gate access phones or intercoms, fax machines, and office telephones.

Ex. 4 at 8.

30.     The Accused POTS Product includes "a controller configured to . . . exchange analog voice channel signals corresponding to digitally modulated voice channel signals exchanged with the telephone device via the telephone interface." As discussed above, the Accused POTS Product is configured to support a phone call made from a traditional POTS phone and exchanged through an LTE modem, which utilizes a digital wireless carrier signal. The foregoing requires conversion of analog voice channel signals generated by the POTS phone device to corresponding digital voice channel signals to be carried by the LTE modem.

31.     The Accused POTS Product includes "a controller configured to . . . convert signals between the analog voice channel signals and a Pulse Code Modulation (PCM) voice channel data stream." As shown in the photograph below, the Accused POTS Product includes a Si32184 SLIC (Subscriber Line Interface Controller) that interfaces with the RJ11 port. According to the Si32184 SLIC datasheet, attached as Exhibit 5 and excerpted below, pins 7 and 8 on the chip are for PCM input and output. The Si32184 converts analog POTS signals to the digital domain via PCM.



| Pin # | Pin Name | Description |
|---|---|---|
| 7 | PCM_MISO | **Transmit PCM Output.**<br>PCM Master Input, Slave Output. Output data to PCM bus. |
| 8 | PCM_MOSI | **Transmit PCM Input.**<br>PCM Master Output, Slave input. Input data from PCM bus. |

Ex. 5 at 31.

32.     The Accused POTS Product includes "a controller configured to . . . exchange control information with the LTE cellular modem via the data interface to establish and manage an LTE cellular session." As discussed above, the Accused POTS Product is configured to provide an interface between a traditional POTS telephone and an LTE cellular modem. That interface handles control information to create, maintain, and terminate a voice or facsimile connection.

33.     The Accused POTS Product includes "a controller configured to . . . exchange the Pulse Code Modulation (PCM) voice channel data stream via the LTE cellular session via the LTE cellular modem." As discussed above, the Accused POTS Product uses a Subscriber Line Interface Circuit (SLIC) with a PCM module to convert analog signals to the digital domain and

*vice versa*. Outbound PCM-converted analog signals are transmitted to the LTE modem. Inbound digital signals are converted via PCM to the analog domain and are sent to the analog POTS telephone device.

34.     Following the issuance of the patent-in-suit, Simplifi has marked its Connect and Voicelink POTS product offering, and its product brochures and package inserts, with its patent number for the '173 patent. *See* Ex. 8.

35.     Defendants have caused Plaintiff damage by direct infringement of the claims of the '173 patent.

36.     Defendants' infringement of the '173 patent has injured Simplifi in its business and property rights, as well as significantly damaging its relationship with AT&T, other carriers, distributors and other existing or potential customers. Simplifi is entitled to recover monetary damages for the injuries arising from Defendants' infringement in an amount to be determined at trial.

37.     Defendants' infringement of the '173 patent has caused irreparable harm to Simplifi and will continue to cause such harm unless and until Defendants' infringing activities are enjoined by this Court.

38.     Defendants' infringement of the '173 patent is exceptional and entitles Simplifi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

39.     The full extent of Defendants' infringement is not presently known to Simplifi. Simplifi makes this preliminary identification of infringing products and/or services and infringed claims in Count One without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

## COUNT TWO
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 11,974,173

40.    Simplifi incorporates by reference the allegations in paragraphs 1-39 as if fully set forth herein.

41.    On information and belief, Defendants Peplink and Plover Bay have actively induced and/or contributed to, and continue to actively induce and/or contribute to, infringement by distributors, resellers, e-tailers and end-users of at least one claim of the '173 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of the Accused POTS Product, intending to encourage, and in fact encouraging, end-users to directly infringe the '173 patent.

42.    Defendants Peplink and Plover Bay have committed acts of induced and contributory infringement with knowledge of the '173 patent at least as of the date of service of this Complaint and with the specific intent that their distributors, resellers, e-tailers and end-users infringe at least claim 1 of the '173 patent.

43.    On information and belief, Defendants Peplink and Plover Bay induced and/or contributed to infringement by, *inter alia*, introducing into the stream of commerce the Accused POTS Product, and by publishing promotional literature describing and instructing in the operation of the Accused POTS Product in an infringing manner, and by offering support and technical assistance to its, distributors, resellers, e-tailers and customers that encourage use of the Accused POTS Product in ways that infringe the asserted claims. Defendants also encourage distributors, resellers, e-tailers and customers to use its infringing products in an infringing manner through its meetings and partnerships with customers, its publication of its website and other marketing materials on-line and at numerous trade shows and the like.

44.     The Accused POTS Product has no substantial non-infringing use. The only purpose of the Accused POTS Product is to convert existing POTS lines to an LTE infrastructure in a way that infringes at least claim 1 of the '173 patent.

45.     Defendants Peplink and Plover Bay have caused Plaintiff damage by their indirect infringement of the claims of the '173 patent.

46.     Peplink and Plover Bay's indirect infringement of the '173 patent has injured Simplifi in its business and property rights. Simplifi is entitled to recover monetary damages for the injuries arising from Defendants' infringement in an amount to be determined at trial.

47.     Peplink and Plover Bay's indirect infringement of the '173 patent has caused irreparable harm to Simplifi and will continue to cause such harm unless and until Defendants' infringing activities are enjoined by this Court.

48.     Peplink and Plover Bay's indirect infringement of the '173 patent is exceptional and entitles Simplifi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

49.     The full extent of Peplink and Plover Bay's indirect infringement is not presently known to Simplifi. Simplifi makes this preliminary identification of infringing products and infringing claims in Count Two without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, Simplifi prays for the following judgments and relief:

(a)     A judgment that Defendants have infringed and are infringing the patent-in-suit;

(b)      A permanent injunction against Defendants and their affiliates, subsidiaries, distributors, resellers, e-tailers, assigns, employees, agents or anyone acting in privity or concert from infringing the patent-in-suit, including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the patent-in-suit; using or performing methods claimed in any of the claims of the patent-in-suit; inducing and/or contributing to others using and performing methods that infringe any claim of the patent-in-suit; or contributing to others using and performing methods that infringe any claim of the patent-in-suit, until the expiration of the patent-in-suit;

(c)      An award of damages adequate to compensate Simplifi for Defendants' patent infringement, and an accounting to adequately compensate Simplifi for the infringement, including, but not limited to, lost profits and/or a reasonable royalty;

(d)      An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(e)      An order finding that this is an exceptional case and awarding Simplifi its costs, expenses, disbursements, and reasonable attorneys' fees related to Defendants' patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

(f)      Such other further relief, in law or equity, as this Court deems just and proper.

## **JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Simplifi hereby demands a jury trial on all issues triable before a jury.

Dated: June 4, 2025                         <u>/s/Thomas F. Fleming</u>

Thomas F. Fleming (Fla. Bar 1038660)
Cook Alciati (to be admitted *pro hac vice*)
Greg H. Gardella (to be admitted *pro hac vice*)
GARDELLA ALCIATI P.A.
80 M Street SE
Washington D.C. 20003
T: (703) 556-9600
F: (703) 740-4541
E: tfleming@ga-iplaw.com
   calciati@ga-iplaw.com
   ggardella@ga-iplaw.com

*Attorneys for Plaintiff*
*BrightSky LLC dba Simplifi*